# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EARL L. CRAWFORD, JR., <br>     Plaintiff, <br> v. <br> IMPERIAL GUARD AND DETECTIVE SERVICES, INC., d/b/a IMPERIAL SECURITY SERVICES, INC., <br>     Defendant. | No. 2:13-cv-02084-JPM-tmp |

**ORDER DIRECTING PARTIES TO FILE SETTLEMENT AGREEMENT FOR COURT APPROVAL**

Before the Court is the parties' Stipulation of Dismissal with Prejudice, which was filed on June 3, 2013. (See ECF No. 16.) In the Stipulation, the parties state that the terms of their settlement "have been codified in a Settlement Agreement and General Release dated May 21, 2013 ([the] 'Settlement Agreement')." (Id. at 1.) The parties further state that, "[i]n accordance with the terms of the Settlement Agreement[,] the parties hereby file this Stipulation of Dismissal with Prejudice and request that this Court dismiss this case with prejudice, in its entirety, from the docket, with each party to bear its own costs and attorneys' fees." (Id.)

The parties seek to dismiss Plaintiff's claims, which include claims for relief made pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219 (2006). (See

Compl., ECF No. 1, ¶ 1.)  For example, Plaintiff claims that Defendant violated the minimum wage and overtime provisions of the FLSA (see id. ¶ 21(a)), which entitles Plaintiff to unpaid wages and liquidated damages (see id. ¶¶ 24-25 (citing 29 U.S.C. § 216(b))).

"[The Supreme Court's] decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act."  Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981).  Furthermore, "[t]he [Supreme] Court, influenced by its perception of legislative intent, held that an employee cannot privately waive his [FLSA] right to liquidated damages, at least when no bona fide dispute exists between the parties regarding the FLSA's coverage."  Runyan v. Nat'l Cash Register Corp., 787 F.2d 1039, 1042 (6th Cir. 1986) (citing and quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945)).  "Thus, [the Supreme Court has] held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate."  Barrentine, 450 U.S. at 740 (quoting O'Neil, 324 U.S. at 707).

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court."  Gentrup v.

2

Renovo Servs., LLC, No. 1:07CV430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); accord Lewis v. Huntington Nat'l Bank, 789 F. Supp. 2d 863, 869 (S.D. Ohio 2011). "The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." Gentrup, 2011 WL 2532922, at *2 (citing Lynn's Food Stores, Inc., 679 F.2d at 1353); accord Landsberg v. Acton Enters., Inc., No. C2-05-500, 2008 WL 2468868, at *1 n.1 (S.D. Ohio June 16, 2008).

Because Plaintiff's makes claims based on the FLSA (Compl., ECF No. 1, ¶ 1), the Court must scrutinize the Settlement Agreement for fairness. See Gentrup, 2011 WL 2532922, at *2. As a result, the parties are hereby DIRECTED to file, within seven (7) days of the entry of this Order, the following documents:

(1) the Settlement Agreement; and

(2) a document explaining why the terms of the Settlement Agreement are fair in light of Plaintiff's FLSA rights.

**IT IS SO ORDERED,** this 4th day of June, 2013.

                                            /s/ Jon P. McCalla
                                            JON P. McCALLA
                                            CHIEF U.S. DISTRICT JUDGE